UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
CARLTON PALMER,                                   :
                    Plaintiff,                :
                                                           :
      -against-                              :   **ORDER**
                                                             :
ATLANTIC DIALYSIS MANAGEMENT       :   25-CV-2854 (NRM)(MMH)
SERVICES, LLC *et al.*,                          :
                                                             :
                  Defendants.           :
------------------------------------------------------------------- x

**MARCIA M. HENRY**, United States Magistrate Judge:

### ORDER REQUIRING DISCOVERY AND SETTING INITIAL PRETRIAL DISCOVERY AND MEDIATION SCHEDULE

The Federal Rules of Civil Procedure ("Rule") require a pretrial schedule tailored to the circumstances of each case. Fed. R. Civ. P. 1, 16. As discussed at the 11/17/2025 initial conference, this Order implements that requirement for the instant case, in which Plaintiff alleges, *inter alia*, employment discrimination and retaliation based on sexual orientation, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.

The Rule 26(a)(l) provisions on initial disclosures are waived in this case. Instead, the parties must comply with the deadlines and requirements set forth in this Order.

1. **Initial Disclosures.** By **01/12/2026**, the parties must serve on each other (but not file) the documents set forth in Paragraphs 2 and 3. These initial disclosures are based on the allegations in the Amended Complaint at ECF No. 45. These disclosures are subject to any protective order approved by the Court.

2. **Plaintiff's Disclosures.** Plaintiff[1] shall disclose:

---

[1] If there is more than one Plaintiff or Defendant, the singular reference to the Plaintiff or Defendant includes the plural.

    a.    Plaintiff's employment contract, if any.

    b.    Any documents Plaintiff sent or received regarding any alleged discrimination, retaliation, and/or wrongful termination.

    c.    Any requests for accommodation that Plaintiff sent to Defendant and any responses to the requests, including but not limited to text messages.

    d.    Any documents demonstrating Plaintiff's efforts to obtain other employment after the alleged wrongful termination. Defendants may not contact or subpoena a prospective or current employer absent agreement with Plaintiff or leave of the Court.

    e.    Any applications for disability benefits or unemployment benefits after the alleged adverse action and any documents sufficient to show any awards.

    f.    Any oral comments and/or written communications related to alleged incidents of harassment.

    g.    To the extent not already alleged in the Complaint, any witnesses to the comments or written communication related to alleged incidents of harassment, discrimination, and/or retaliation.

    h.    A description of the categories and amounts of damages for Plaintiff's claims.

    i.    Medical records or other documents supporting Plaintiff's claims of emotional distress damages, if Plaintiff seeks more than garden variety damages. Plaintiff shall also execute a release for each provider for medical records and send a copy to Defendant within one week of this Order. However, the Court will not extend any deadlines set forth in this Order because of delays in obtaining medical records.

    j.    A written description of all attorney's fees and costs incurred to date. With respect to attorney's fees, Plaintiff must provide the hourly rate(s) sought and the number of hours expended by each person who has billed time to this case.

3.    **Defendant's Disclosures.**  Defendant shall disclose:

    a.    Plaintiff's employment contract, if any.

    b.    Plaintiff's personnel file.

    c.    Plaintiff's performance reviews and the file created for any disciplinary actions taken against Plaintiff during employment with Defendant.

    d.    Any oral comments and/or written communications that allegedly rebut Plaintiff's claims of harassment, retaliation, or failure to accommodate.

    e.    Any written statement of policy, workplace rules, or handbook setting out the policies and practices regarding: (1) workplace harassment, discrimination, failure to accommodate, and/or retaliation; and (2) reporting violations of employment policies.

    f.    Any documents sent by Defendants to a government agency in response to government agency claims filed by Plaintiff in which Plaintiff relied on any of the same factual allegations as those in the Complaint.

    g.    Any documents Defendants sent to or received from Plaintiff regarding her alleged termination, and any documents that record the reasons for the termination decision.

    h.    Information concerning the ability to pay, including insurance coverage, if relevant to the mediation.

4. **Status Report Regarding Discovery.** By **02/02/2026,** counsel shall file a Joint Status Report Regarding Discovery that: (1) confirms the parties' exchange of the limited discovery as directed in Paragraphs 2 and 3; and (2) states whether the parties have reached an agreement in principle to settle the case.

5. **Mandatory Mediation if No Private Settlement.** If the parties are unable to settle the matter on their own, the parties will participate in a formal mediation conference, in accordance with Local Civil Rule 83.8, before an EDNY mediator or a private mediator of their choosing. <u>The status report described in Paragraph 4 shall include the date and time of the mediation.</u> The parties must complete mediation by **03/09/2026**.

6. **Status Report Regarding Mediation.** If the parties proceed to mediation, then by **03/19/2026**, counsel shall file a Joint Status Report Regarding Mediation and indicate:

    a.    Whether the parties have reached an agreement in principle to settle the case; or

    b.    Whether the parties request a settlement conference before the undersigned; or

    c.    Whether the parties agree that they have exhausted all early settlement efforts, have held the required Rule 26(f) conference, and are filing a Proposed Revised Discovery Plan. A form proposed discovery plan can be found on the Court's website: https://img.nyed.uscourts.gov/files/local_rules/ProposedDiscoveryPlanMMH.pdf.

7. **Stay of Discovery.** Until the parties file the Proposed Revised Discovery Plan, all discovery is STAYED, except as provided in this Order.

8. **Ongoing Duty to Report Settlement.** If the parties settle at any time, including after discovery has commenced, they must immediately advise the Court.

9. **Mandatory Compliance.** The Court expects strict adherence to these deadlines and requirements. Exceptions will be granted only for compelling reasons. *Failure to comply is a violation of a court order and sanctionable on that basis.*

10. **Procedure for Relief.** The parties may move to alter this schedule for good cause only after the parties confer and file a joint letter request via this Court's ECF system.

                                      **SO ORDERED.**

Dated:    Brooklyn, NY                    /s/ Marcia M. Henry
             November 19, 2025         MARCIA M. HENRY
                                                 United States Magistrate Judge